policy of insurance on a stallion where his owners claimed that they answered all the questions in the application truthfully but that the defendant's agent inserted false answers, admission of the testimony of the owners that they did not know what answers were inserted in the application by the defendant's agent, deceased at the time of the trial, that they did not read the answers and that they first learned what answers were in the application at the time of a former trial of the case, *held* admissible and not excluded by Hurd's Rev. St. 1911, ch. 51, sec. 4 (J. & A. ¶ 5521), making incompetent the testimony of a party to an action as to admissions or conversations with the other party's agent, deceased at the time of the trial.

---

# Town of Polk, Appellee, v. Albert E. Ghent, Appellant.

## (Not to be reported in full.)

Appeal from the Circuit Court of Macoupin county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916. Rehearing denied December 2, 1916.

## Statement of the Case.

Action by the Town of Polk, plaintiff, against Albert E. Ghent, defendant, to recover a penalty for the obstruction of a highway by the defendant. From a judgment against him for three dollars and costs, defendant appeals.

Defendant owned a forty acre tract of land in Polk township, Macoupin county, and for many years a public highway, created by prescription, angled across the north portion thereof. He and eleven others petitioned the highway commissioners to change the location of the road so that it would run directly across the north portion of the tract along the section line. The com-

missioners granted the petition and defendant deeded
to them the north twenty feet of his ground and pur-
chased for them the south twenty feet of the tract of
land immediately north of his land, the purpose being
to make the road forty feet wide. After the new
highway was laid out, defendant fenced up the portion
of the old highway which had run diagonally across
his land. It appeared that the new highway was im-
passable because nothing was done towards making
it fit for use for public travel. It ran over a steep
hill and the stumps and other obstructions had not
been removed therefrom. The commissioners claimed
that it was a part of the agreement between them and
defendant that he would put the new road in a pass-
able condition, while he denied that he ever made
such an agreement. No steps were ever taken to
vacate the old highway.

PEEBLES & PEEBLES, for appellant.

THOMAS RINAKER, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the
court.

### Abstract of the Decision.

1. ROADS AND BRIDGES, § 125*—*how highways may not be relo-
cated.* A public highway can only be vacated in the manner pro-
vided by statute, and commissioners of highways have no power to
bargain with a landowner to close up an old highway and open a
new one in exchange therefor.

2. ROADS AND BRIDGES, § 206*—*what not a defense in action for
penalty for obstructing a highway.* No agreement or contract made
by a landowner with highway commissioners to close up an exist-
ing highway running through his land and to open up a new one,
even though the landowner purchases and dedicates to the public
land for the new highway, can be a defense to a suit against such
landowner to recover a penalty for obstruction by him of the old
highway by closing it up.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.